The STATE of Ohio, Appellee,

v.

STURGEON, Appellant.

[Cite as *State v. Sturgeon* (1998), 131 Ohio App.3d 538.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970751.

Decided Nov. 13, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Susan Laker Tolbert,* Assistant Prosecuting Attorney, for appellee.

*John K. Issenmann,* for appellant.

MARIANNA BROWN BETTMANN, Judge.

On August 30, 1994, defendant-appellant, William Sturgeon, pleaded guilty to one count of rape and was sentenced to five to twenty-five years of incarceration in a state penitentiary. At a hearing held on August 13, 1997, Sturgeon was adjudicated a sexual predator pursuant to R.C. Chapter 2950. Sturgeon appeals from this adjudication, raising four assignments of error in his appeal.

██ Sturgeon's first three assignments of error raise ex post facto, vagueness, and equal protection constitutional challenges. We overrule these assignments of error on the authority of *State v. Lance.*[1] However, because the trial court lacks

---

1. (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282, and C–970283, unreported, 1998 WL 57359.

the statutory authority to order the Sheriff of Hamilton County to obtain certain information from Sturgeon while he remains incarcerated in a state correctional institution, the August 13, 1997 entry ordering the processing of Sturgeon is vacated. *State v. Boeddeker*[2]; R.C. 2950.03(A)(1) and (C)(1).

In his fourth assignment of error, Sturgeon argues that his adjudication as a sexual predator is against the manifest weight of the evidence.

During Sturgeon's sexual-predator hearing, the court asked the state whether Sturgeon could be found a sexually oriented offender rather than a sexual predator. The state reiterated its position that the court should find Sturgeon a sexual predator and added that "the court can only find him a sexual predator at this time." Next, the court asked the state if "it's either predator or nothing?" The state responded that it believed that this was the status of the law and that "this is a hearing for sexual predator purposes only * * * so I think you can only do sexual predator." The court, stating that it did not "have any other choice," found Sturgeon to be a sexual predator.

■ There is a problematic aspect to this exchange. While it is true that a literal reading of R.C. 2950.09(C) limits the trial court in a sexual-predator hearing to a determination of whether or not the defendant is a sexual predator, we also conclude from the record that the court was under the misapprehension that were Sturgeon *not* adjudicated a sexual predator, no other statutory provisions would apply and that, upon Sturgeon's release from prison, Sturgeon would escape detection as a person who had committed a sexually oriented offense. This is simply not the case. While the sexual-predator hearing provides the court with the opportunity to consider the relevant statutory factors in making the determination whether to adjudicate an offender a predator, other classifications may apply by operation of law to trigger registration and/or community-notification provisions.

Part of the confusion in this case, and others like it, comes from the definitional differences among sexual offenders, such as Sturgeon, who are already in jail and are called back for predator hearings ("callbacks"), and those offenders who are classified at the time of their sentencing. Because the Ohio Supreme Court did not address this particular issue in *State v. Cook*,[3] we will attempt to provide assistance to our trial judges about the classifications applicable to the "callbacks" and the attendant registration and/or notification requirements.

---

2. (Feb. 13, 1998), Hamilton App. No. C–970471, unreported, 1998 WL 57234.

3. (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.

■ A sexual predator, as defined in R.C. 2950.01(E), is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Prior to January 1, 1997, there was no such classification. However, this classification can be applied both to callbacks, such as Sturgeon, and to those classified at the time of their sentencing. R.C. 2950.09(B)(1) and 2950.09(C)(1).

Regardless of when the offense was committed, there must be a hearing in order to declare a person a sexual predator. R.C. 2950.09(C) and 2950.09(B). Upon release from prison, sexual predators have lifetime registration and community-notification requirements. R.C. 2950.07(B)(1).

We next examine the habitual-sexual-offender classification. Under the law in effect before Ohio's new community-notification provisions, "habitual sexual offender" was defined under former R.C. 2950.01(A) as follows:

"[A]ny person who is convicted *two or more times,* in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section [R.C. 2950.01]. Convictions which result from or are connected with the same act, or result from offenses committed at the same time, shall be counted for the purpose of this section as one conviction. Any conviction set aside pursuant to law, is not a conviction for purposes of this section." (Emphasis added.)

Since 1963, habitual sexual offenders have had a duty to register upon release, discharge, or parole.[4] No provision, however, existed for community notification for these offenders prior to the recent enactment of new law.

■ In this case, Sturgeon could not be classified as a habitual sexual offender under the definition in effect at the time of his offense because he pleaded guilty to only one sexual offense. *State v. Boeddeker.*

■ When the new notification and reporting law was passed, several definitions and requirements changed. The definition of habitual sexual offender, codified in R.C. 2950.01(B), is "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleads guilty to *one or more* sexually oriented offenses." (Emphasis added.) Under the new definition, a court that finds an offender to be a habitual sexual offender must make the additional determination of whether such offender shall be subject to community notification, or just registration. R.C. 2950.10 and 2950.11. This habitual-sexual-offender classification *cannot* be applied to a person who pleaded guilty to or was convicted of a sexual offense before January 1, 1997. R.C. 2950.09(E). Thus, this new definition of "habitual sexual offender" cannot be applied to Sturgeon.

---

4. Former R.C. 2950.02, *repealed* effective July 1, 1997.

We next examine the classification of sexually oriented offender. More precisely, this is a status which arises by operation of law, but it was recognized by this court as a classification in *State v. Boeddeker* and has been so recognized by the Ohio Supreme Court in *State v. Cook.*[5]

■ Under the law applicable to Sturgeon, a sexually oriented offender was a person who committed one of the sex offenses codified in former R.C. 2950.01(B). As rape was one of these offenses, Sturgeon is thus a sexually oriented offender. Under the new law, although a sexually oriented offender is still defined as a person who has committed a sexually oriented offense, the offenses defined as sexually oriented offenses have been expanded.[6]

There is one more code section applicable to Sturgeon. Had Sturgeon been released prior to July 1, 1997, he would have had no obligation to register because he had not pleaded guilty to or been convicted of two or more sexually oriented offenses. R.C. 2950.04. However, under newly enacted R.C. 2950.04(A)(1), regardless of when the sexually oriented offense was committed, if a sexually oriented offender is released after July 1, 1997, such person is statutorily obligated to register within seven days. Even if Sturgeon is not adjudicated a sexual predator, he will have to register upon his release.[7]

Because we conclude that the trial court was confused at the sexual-predator hearing about the legal effect of not adjudicating Sturgeon a sexual predator, we sustain the fourth assignment of error. The judgment is reversed, and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., concurs.

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, Judge, concurring.

I concur in the result reached in this case because I believe that the trial judge did not consider the proper statutory factors in determining whether Sturgeon was a sexual predator. However, I believe that the majority opinion goes beyond the analysis necessary to resolve the fourth assignment of error.

---

5. (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.

6. Cf. former R.C. 2950.01(B) with present definitions in R.C. 2950.01(D).

7. The effect of *State v. Cook* on any holding to the contrary in *State v. Boeddeker* remains to be determined. See, also, *State v. Kelsor* (Oct. 30, 1998), Hamilton App. No. C–970499, unreported, 1998 WL 754317.

I agree that the judge's comments indicate that he was under the impression that if he did not find Sturgeon to be a sexual predator, Sturgeon would not be subject to any of the requirements of the sex-offender provisions in R.C. Chapter 2950. I also agree that this impression was wrong. Sturgeon, by operation of law, independent of any adjudication that the court below might make, has registration requirements because he committed a sexually oriented offense as defined by the statute in effect at the time of the offense. See former R.C. 2950.01(B) (defining sexually oriented offense); see, also, R.C. 2950.04 (registration requirements).

The remainder of the majority's analysis is surplusage. There is no need to mention or discuss R.C. Chapter 2950's provisions regarding habitual sex offenders. Notwithstanding this court's reference to a "classification" of sexually oriented offenders in *Boeddeker*, I believe that no such separate classification exists. It is inaccurate to say that a particular offender is *either* a sexually oriented offender, *or* a habitual sex offender, *or* a sexual predator under R.C. Chapter 2950. One person could fit all three definitions, depending on his prior record and current offense. I think it error to endorse a system in which a judge, following a hearing, is permitted to simply circle one of three choices for an offender. At any rate, that is not the system contemplated by the statute.

I am aware that the Supreme Court of Ohio in *State v. Cook* has referred to a classification of sexually oriented offenders. The issues facing the court in that case were whether R.C. Chapter 2950 was an unconstitutional retroactive law or an unconstitutional ex post facto law. The court was not asked to address whether a separate, legally significant classification exists. The court cited no authority for its reference to this classification. The court's general discussion of the statute was incidental to the actual issues, and, in my opinion, therefore, dicta.

My interpretation is based on the plain language of the statute. Nowhere in R.C. Chapter 2950 is a sexually oriented-offender class defined. The term itself is merely a shorthand way of referring to someone who has committed a sexually oriented offense, but it is not a separate classification. A plea of guilty to or a conviction for a sexually oriented offense leads to registration requirements, regardless of any other classification into which the offender may fall. It does not need adjudication, and I believe that the majority opinion adds more confusion than clarity to this complex statute by referring to a classification that does not exist.

The courts must interpret the statute as it was written, not how we believe it should have been written. It may make more sense to list different classifications and allow a judge to determine pursuant to hearing into which of the

categories an offender fits. However, that is not the way the statute is written; therefore, I concur separately.