The STATE of Ohio, Appellee,

v.

MOYERS, Appellant.

[Cite as *State v. Moyers* (2000), 137 Ohio App.3d 130.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–99–54.

Decided March 27, 2000.

*Kenneth H. Egbert, Jr.,* Seneca County Prosecuting Attorney, for appellee.

*Kent D. Nord,* for appellant.

SHAW, Judge.

On November 21, 1995, defendant Michael J. Moyers entered a plea of guilty to two counts of rape in violation of former R.C. 2907.03 and one count of felonious sexual penetration in violation of former R.C. 2907.12. On November 28, 1995, defendant was sentenced to a term of seven to twenty-five years incarceration for the charges, which stemmed from defendant's sexual contact with three sisters, aged seven, ten and eleven.

On October 8, 1999, defendant was brought before the trial court for sexual offender classification proceedings pursuant to R.C. Chapter 2950. At that time, the trial court took testimony and evidence, and determined that the defendant "IS NOT likely to engage in one or more sexually oriented offenses," and determined defendant "by clear and convincing evidence to be a *Sexually Oriented Offender,* but not to be a Sexual Predator." (Emphasis *sic.*) Defendant now appeals, and asserts seven assignments of error with the trial court's judgment.

"Ohio Revised Code Chapter 2950 violates the [E]qual [P]rotection [C]lause of the Fourteenth Amendment to the United States Constitution.

"Ohio Revised Code Chapter 2950 violates Section I, Article I, of the Ohio Constitution as an unreasonable exercise of police power.

"Ohio Revised Code Chapter 2950 violates the Due Process [C]lause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution as the law is vague and does not provide any guidance as to how the factors in Ohio Revised Code Section 2950.09(B)(2) are to be considered and weighed.

"A person upon whom a court a sexual-oriented offender designation is denied due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, when the evidence presented at the sexual predator hearing is insufficient to support that designation.

"Appellant was denied the effective assistance of counsel at [the] sexual [offender] classification hearing in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

"The sexual predator registration and notification provision of Ohio Revised Code Chapter 2950 violates the protection against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution.

"The sexual predator registration and notification provisions of Ohio Revised Code Chapter 2950 are overbroad, result in unwarranted publicity and unwarranted interference with the right to privacy as protected by the Ninth and Fourteenth Amendments to the United States Constitution and Section I[,] Article I of the Ohio Constitution."

■ As all of defendant's assigned errors raise similar issues for our review, we will address them together. At the outset, we observe that the trial court expressly declared defendant "not to be a Sexual Predator." See R.C. 2950.01(E). Instead, it concluded that defendant was merely a "sexually oriented offender." In *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the Supreme Court of Ohio observed that "[a] sexually oriented offender is one who has committed a 'sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." *Id.* at 407, 700 N.E.2d at 574. R.C. 2950.01(D) reads:

"(D) 'Sexually oriented offense' means any of the following offenses:

"(1) Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code;

"* * * *

"(5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section[.]"

Here, defendant pled guilty to three sexually oriented offenses, all of which are "substantially equivalent" to current R.C. 2907.02, the first-degree felony offense of rape. See R.C. 2905.01(D)(5). Moreover, because the trial court determined that the state had failed to prove by clear and convincing evidence that defendant had previously been convicted of a sexual offense or is likely to engage in one or more sexually oriented offenses, he does not qualify as either a "habitual sexual offender" or a "sexual predator." See R.C. 2950.01(B); R.C. 29050.01(E). Nevertheless, the defendant contends that the trial court erred by declaring him to be a "sexually oriented offender" and imposing upon him the R.C. 2950.04 statutory registration requirements in accordance with that classification.

■ However, defendant has misconstrued the action taken by the trial court. Numerous Ohio courts have recognized that the classification of a

defendant as a "sexually oriented offender" arises directly by operation of statute, not by the judgment of trial court. See *State v. Smith* (June 23, 1999), Lorain App. No 98 CA007070, unreported, 1999 WL 420367, at *1 ("The duties arising from a defendant being a sexually oriented offender * * * arise not by court order, but by statutory imposition."); *State v. Erwin* (September 2, 1999), Licking App. No. 99–CA–54, unreported, 1999 WL 770676, at **1–2 ("[Classification as] a sexually oriented offender does not require a factual finding by the trial judge, but instead occurs automatically upon convictions of certain types of offenses. * * * * [As such,] the court's order finding [the defendant] to be a sexually oriented offender was redundant * * *."); *State v. Hanley* (August 26, 1999), Cuyahoga App. No. 74323, unreported, 1999 WL 652045, at *3 ("[Sexually oriented offender classification] does not cause [the defendant] prejudice since the classification is appropriate and applies by operation of law."); *State v. Redden* (March 19, 1999), Lucas App. No. L–98–1087, unreported, 1999 WL 739671, at *4 ("[Since the defendant did] commit a 'sexually oriented offense,' * * * * [he] was a 'sexually oriented offender' before stepping into court for the hearing."). We agree with the position adopted by these cases. The "sexually oriented offender" classification arises by operation of law, not by the judgment of a trial court. This conclusion compels us to question whether this court may properly consider the errors assigned in defendant's appeal.

In *State v. Rimmer* (April 29, 1998), Lorain App. No. 97CA006795, unreported 1998 WL 208834, **1–2, the Ninth District Fourth Appeals considered whether a trial court's order declaring the defendant to be a "sexually oriented offender" was properly appealable by the defendant:

"Pursuant to R.C. 2950.04, a defendant who has been convicted of or pleaded guilty to a sexually oriented offense must register in accordance with the statute when the offender is released from prison or another form of confinement. This duty arises regardless of whether a sexual predator determination hearing is held pursuant to R.C. 2950.09 or not.

"* * *

"Only a party aggrieved by a final order may perfect an appeal. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Furthermore, appellate courts will not review questions devoid of live controversies.

"In the case at bar, the trial court simply pointed to what defendant would be required to do after July 1, 1997, pursuant to the definitions of R.C. 2950.01(D), and the registration requirement of R.C. 2950.04. If the court did not point this out in its judgment entry, the Defendant would still be required to register pursuant to R.C. 2950.01(D) and R.C.2050.04 after July 1, 1997. Thus, we find that Defendant is not an aggrieved party whose rights have been adversely

affected, and Defendant's present claim is devoid of a live controversy." (Citations omitted.) *Id.* at *2.

We believe this reasoning to be sound. Accordingly, we conclude that there is no live controversy presented by this case, as the trial court's actions cause no real injury to the defendant. Moreover, we observe that defendant has other adequate legal avenues by which his constitutional concerns may be addressed. Accordingly, defendant's seven assigned errors are overruled, and the instant appeal is dismissed.

*Appeal dismissed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.