[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Norman Davenport appeals from the trial court's declaration, following a sexual-predator hearing, that he is a sexually-oriented offender. He advances a single assignment of error, contending that there was insufficient evidence to support the trial court's determination. We do not address the assignment because the trial court's declaration is not a judgment.[1]
In 1989, Davenport was found guilty of one count of rape and two counts of felonious assault against his estranged wife. Davenport was sentenced to a prison term of six to twenty-five years on the rape count and to a term of six to fifteen years on each felonious-assault count. The trial court ordered the terms to be served concurrently.
Earlier this year, Davenport was returned from the institution where he was incarcerated for a sexual-predator hearing pursuant to R.C.2950.09(C)(1). At the conclusion of that hearing, the trial court determined that Davenport was a sexually-oriented offender. While Davenport assails that determination, his challenge is feckless. Davenport was convicted of rape,[2] which is defined by statute as a sexually-oriented offense.[3] Under these circumstances, Davenport's status as a sexually-oriented offender arose by operation of law.[4]
Thus, this classification of Davenport as a sexually-oriented offender is not properly appealable because it did not result from a judgment.[5]
In fact, the trial court's declaration that Davenport is a sexually-oriented offender is merely redundant, as that status arises by operation of law. Accordingly, the instant appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Sundermann, JJ.
[1] See R.C. 2505.02.
[2] R.C. 2907.02
[3] R.C. 2950.01(D)(1).
[4] State v. Sturgeon (Nov. 13, 1998), 131 Ohio App.3d 538, 542,723 N.E.2d 124, 126; State v. Boeddeker (Feb. 20, 1998), Hamilton App. No. C-970471, unreported.
[5] State v. Moyers (Mar. 27, 2000), Seneca App. No. 113-99-54, unreported; State v. Hampp (July 17, 2000), Ross App. No. 99-CA-2517, unreported.