[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant James Moore appeals from the trial court's declaration on March 9, 2000, that he is a sexually-oriented offender. In 1986, after a trial to the court, Moore was convicted of one count of attempted rape of a six-year-old victim. He was sentenced to a term of imprisonment for a minimum period of eight years to a maximum period of fifteen years. This court affirmed Moore's conviction in 1987.[1] Moore advances two assignments of error in this appeal. We do not address either assignment because the trial court's declaration is not a judgment.[2]
Moore was returned from the institution where he was incarcerated for a sexual-predator hearing pursuant to R.C. 2950.09(C)(1). At the conclusion of the hearing, the trial court determined that Moore is a sexually-oriented offender. The trial court's declaration that Moore is a sexually-oriented offender is not a judgment.[3] Moore was convicted in 1986 of attempted rape,[4] which is defined by statute as a sexually-oriented offense.[5] Under these circumstances, Moore's status as a sexually-oriented offender arose by operation of law.[6] Thus, Moore's classification as a sexually-oriented offender is not properly appealable because it did not result from a judgment.[7] In fact, the trial court's declaration that Moore is a sexually-oriented offender is merely redundant of what already exists as a matter of law. Accordingly, the instant appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Moore (Nov. 25, 1987), Hamilton App. No. C-860678, unreported.
[2] R.C. 2505.02.
[3] Id.
[4] R.C. 2907.02 and 2923.02.
[5] R.C. 2950.01(D)(1) and (7).
[6] See State v. Sturgeon (Nov. 13, 1998), 131 Ohio App.3d 538, 542,723 N.E.2d 124, 126; State v. Boeddeker (Feb. 20, 1998), Hamilton App. No. C-970471, unreported.
[7] See State v. Moyers (2000), 137 Ohio App.3d 130, 133, 738 N.E.2d 90,92; State v. Hampp (July 17, 2000), Ross App. No. 99-CA-2517, unreported.