[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1984, defendant-appellant Burl McLachlan pleaded guilty to one count of rape in violation of former R.C. 2907.02. He was sentenced to a term of nine to twenty-five years' incarceration for the offense, which stemmed from sexual contact with his eleven-year-old stepdaughter. On May 3, 2000, McLachlan was brought before the trial court for a sexual-offender-classification hearing pursuant to R.C. Chapter 2950. Based upon the evidence presented at the hearing, the trial court found McLachlan to be a sexually-oriented offender.
McLachlan appeals from the judgment finding him to be a sexually-oriented offender. In his sole assignment of error, McLachlan argues that the court's finding is against the weight of the evidence.
In State v. Cook,[1] the Ohio Supreme Court observed that "[a] sexually oriented offender is one who has committed a `sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either a habitual sex offender or sexual predator."[2]
Ohio courts have recognized that an offender who has been convicted of a sexually-oriented offense is a sexually-oriented offender by operation of statute, not by the judgment of the trial court.[3] Moreover, the registration requirements for offenders released after July 1, 1997, are also statutorily prescribed.[4] Thus, the characterization of an offender as a "sexually oriented offender," though not necessary, merely reaffirms the offender's status as it arose by operation of law.
The court's findings at the hearing and its judgment entry suggest that the court implicitly found that McLachlan was not a sexual predator or habitual sex offender. The court's finding that McLachlan is a sexually-oriented offender must then be regarded as mere surplusage because he had attained that status by operation of statute. The record establishes that McLachlan had pleaded guilty to the sexually-oriented offense of rape pursuant to former R.C. 2907.02, which is, consistent with R.C. 2950.01(D)(5), substantially equivalent to offense of rape as it is currently defined under R.C. 2907.02. Given that, the court's order finding him to be a sexually-oriented offender was redundant in that it merely stated what had occurred by operation of law. Accordingly, we overrule McLachlan's assignment of error.
Although McLachlan's classification as a sexually-oriented offender was not error, we do sua sponte find error in the trial court's May 3, 2000, entry ordering the Sheriff of Hamilton County to "process" McLachlan. The court had no authority to order the sheriff to obtain information from McLachlan because McLachlan was still incarcerated in a state correctional institution.[5] Accordingly, we vacate the court's May 3, 2000, "processing" order, but affirm the judgment of the court in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
[2] Id. at 407, 700 N.E.2d at 574.
[3] See State v. Moyers (2000), 137 Ohio App.3d 130, 738 N.E.2d 90;State v. Hampp (July 17, 2000), Ross App. No. 99CA2517, unreported; Statev. Burkey (June 7, 2000), Summit App. No. 19741, unreported; State v.Goodballet (March 30, 1999), Columbiana App. No. 98 CO 15, unreported, appeal not allowed (1999), 87 Ohio St.3d 1449, 719 N.E.2d 966; State v.Redden (March 19, 1999), Lucas App. No. L-98-1087; State v. Smith (June 23, 1999), Lorain App. No. 98CA007070, unreported; State v. Lindsay (May 8, 1998), Hamilton App. No. C-970525, unreported; State v. Rimmer (April 29, 1998), Lorain App. No. 97CA006795, unreported, affirmed (1998),84 Ohio St.3d 48, 701 N.E.2d 984.
[4] See R.C. 2950.04(A)(1). Since the Ohio Supreme Court's decision inState v. Cook, supra, we have held that the registration requirements for sexually-oriented offenders under R.C. Chapter 2950 are constitutional. See State v. Pace (May 21, 1999), Hamilton App. No. C-980659, unreported. But, see, State v. Boeddecker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported, (predating State v. Cook, supra, and holding that the registration requirements of R.C. 2950.04 through 2950.60 are unconstitutional as applied to sexually-oriented offenders.)
[5] See R.C. 2950.03(A)(1) and 2950.03(C)(1); State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported;State v. Boeddecker, supra.