OPINION
Appellant, Datone D. Washington, appeals the judgment of the Lake County Court of Common Pleas, finding him a sexually oriented offender. For the reasons that follow, we reverse the judgment of the trial court.
The following facts are relevant to this appeal. On July 10, 1998, appellant was indicted by the Lake County Grand Jury on three counts of kidnapping, in violation of R.C. 2905.01, four counts of abduction, in violation of R.C. 2905.02, and one count of domestic violence, in violation of R.C. 2919.25. These charges arose from a domestic dispute between appellant and his former girlfriend.
On November 10, 1998, appellant withdrew his former plea of not guilty and entered a plea of guilty to one count of abduction of his former girlfriend and one count of abduction of his minor daughter.[1] The trial court accepted appellant's plea by judgment entry on November 24, 1998, and entered a nolle prosequi as to the remaining counts in the indictment. The trial court then referred the matter to the adult probation department for the preparation of a presentence investigation report and requested a victim impact statement.
At the sentencing hearing, the trial court ordered appellant to serve three years in prison on each count to run concurrent to each other and consecutive to his sentence in a separate case. Due to the nature of the crime, to-wit: abduction of a minor child, the trial court reluctantly classified appellant as a sexually oriented offender even though the commission of the abduction was not motivated by any sexual purpose.[2]
This sentence is reflected in the trial court's judgment entry dated December 29, 1998.[3]
From this judgment appellant appeals, asserting five assignments of error for our consideration:
 "[1.] R.C. 2950.09 has been unconstitutionally applied to the defendant-appellant because the offense for which he was convicted was not sexual in nature nor did the legislature intent [sic] R.C. 2950.09 to apply under such circumstances.
 "[2.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because defendant-appellant's fundamental rights have been impaired.
 "[3.] R.C. 2950.09(C) is unconstitutionally vague, thus denying defendant-appellant due process of law.
 "[4.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[5.] R.C. 2950.09(C) is unconstitutional on the basis of double jeopardy."
Appellant argues, through his first assignment of error, that the trial court erred when it adjudicated him to be a sexually oriented offender. Before we can consider the merits of this assignment of error, a preliminary issue has to be resolved, to-wit: whether appellant is an aggrieved party such that he has the right to appeal the trial court's order declaring him to be a sexually oriented offender.
A number of our sister appellate courts have examined whether a trial court's order labeling a defendant to be a sexually oriented offender can form a basis for an appeal. For instance, in State v. Rimmer (Apr. 29, 1998), Lorain App. No. 97CA006795, unreported, 1998 WL 208834, at 2, the Ninth Appellate District made the following determination:
 "Pursuant to R.C. 2950.09, a trial court conducts a hearing and considers specified factors and evidence to determine whether to classify a defendant as a sexual predator. Section (E) of R.C. 2950.09 also provides criteria under which a defendant can be classified as a habitual offender. The notification requirements contained in R.C. 2950.10 and 2950.11 are implicated when a trial court makes a determination that a defendant is a sexual predator or a habitual offender. In the case at bar, Defendant was found not to be a sexual predator. The judge then included information in his journal entry which would have been required of Defendant even if the trial court had not included such language in its journal entry. See R.C. 2950.01(D) and 2950.04. Thus, we first address whether Defendant has an injury for this court to remedy.
 "Only a party aggrieved by a final order may perfect an appeal. * * * The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. * * * Furthermore, appellate courts will not review questions devoid of live controversies. * * *
 "In the case at bar, the trial court simply pointed to what defendant would be required to do after July 1, 1997, pursuant to the definitions of R.C. 2950.01(D), and the registration requirement of R.C. 2950.04. If the court did not point this out in its judgment entry, the Defendant would still be required to register pursuant to R.C. 2950.01(D) and R.C. 2050.04 after July 1, 1997. Thus, we find that Defendant is not an aggrieved party whose rights have been adversely affected, and Defendant's present claim is devoid of a live controversy. (Citations omitted and emphasis added).[4]
Further, other appellate districts have recognized that a defendant's status as a sexually oriented offender arises by operation of law, not by the judgment of the trial court. State v. Moyers (2000),137 Ohio App.3d 130, 134; State v. Hampp (July 17, 2000), Ross App. No. 99CA2517, unreported, 2000 WL 992139, at 2; State v. Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported, 1999 WL 739671, at 5.[5]
In fact, the Ninth Appellate District recognized that R.C. Chapter 2950 does not provide a defendant the right to appeal his classification as a sexually oriented offender:
 "In fact, not only does R.C. 2950.09(C) not even contemplate such an appeal, but the statute does not even provide for an offender being adjudicated a sexually oriented offender by the trial court as part of a sexual offender classification hearing." State v. Burkey (June 7, 2000), Summit App. No. 19741, unreported, 2000 Ohio App. LEXIS 2369, at 17. See, also, Hampp at 2.
In summation, given that a defendant's status as a sexually oriented offender arises by operation of law, "no judgment or order of the trial court affected one of appellant's substantial rights, and we are not presented with a final appealable order." Hampp at 2.
Although we are mindful of these decisions, this court respectfully declines to follow the reasoning employed by our sister appellate courts. In our view, a trial court's order declaring a defendant to be a sexually oriented offender is properly appealable.
We do not dispute that "[a] sexually oriented offender is one who has committed a `sexually oriented offense' as that term is defined in R.C.2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." State v. Cook (1998), 83 Ohio St.3d 404,407.[6] However, "a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually oriented offender; (2) habitual sexual offender; or (3) sexual predator. R.C. 2905.09." (Emphasis added.) Cook at 407. Therefore, a defendant's status as a sexually oriented offender, indeed, arises from a finding rendered by the trial court, which in turn adversely affects a defendant's rights by the imposition of registration requirements.[7]
Furthermore, the fact that R.C. 2950.09 does not expressly provide a defendant with the right to appeal his classification as a sexually oriented offender is not dispositive. Accordingly, for the reasons articulated above, this court will fully consider the merits of appellant's appeal.
Returning to the first assignment of error, appellant argues that R.C.2950.09 has been unconstitutionally applied to him. The crux of appellant's argument is that under the facts presented in this case, the abduction did not constitute a sexually oriented offense even if the victim involved is a minor because no sexual conduct occurred between him and the victim.[8]
This case presents an issue of first impression in this court, to-wit: whether a defendant can be adjudicated to be a sexually orientated offender when the underlying offense for which the adjudication is based was not committed with a sexual motivation.
R.C. 2950.01(D) enumerates the criminal conduct that constitutes a "sexually oriented offense." Abduction is listed as a sexually oriented offense when the victim is less than eighteen years old. R.C.2950.01(D)(2)(a).[9] In the underlying case, the alleged victim in the abduction charge for which appellant was convicted was his infant daughter. Since the victim was below the age of eighteen, the conviction for abduction does, indeed, qualify as a sexually oriented offense under the statute.
The legislative intent behind the sexual predator statute is to "protect the safety and general welfare of the people of this state" from sex offenders. R.C. 2950.02(B). Thus, the underlying purpose of Ohio's version of New Jersey's Megan's Law is to protect the public from sex offenders by informing the community of their presence.
While the General Assembly had a legitimate reason to enact the sexual predator statute, we fail to see how the purpose of the statute is furthered when there is absolutely no evidence that the offense committed was sexual in nature. What is not clear to this court in the instant matter is how the adjudication of a defendant convicted of abducting his infant daughter during a domestic dispute, which was in no way sexually motivated, protects the public from sexual offenders.[10] Thus, we determine that there is no rational relationship between this legitimate governmental interest and the imposition of the sexually oriented offense label upon appellant under the particular facts of this case.
Our decision today should not be viewed as condoning appellant's conduct. Under a proper showing, a defendant may, indeed, fit the classification of a sexually oriented offender when the abduction was committed for a sexual purpose. This was not the case in the instant matter.
In summation, we hold that unless there is evidence of sexual motivation, there is no rational basis for categorizing an abduction of a victim who is less than eighteen years old as being a sexually oriented offense. Rather, in such instances, a trial court should have some discretion in determining whether a defendant is a sexually oriented offender. Absent a showing that the abduction was motivated for a sexual purpose, appellant's classification as a sexually oriented offender cannot stand. Accordingly, the first assignment of error is well-taken.
In the remaining assignments of error, appellant raises four different challenges to the constitutionality of R.C. 2950.09. For the reasons that follow, we reject each of appellant's constitutional challenges.[11]
Under the second assignment of error, appellant contends that there exists no rational basis for the classification. According to appellant, the statute is simply an arbitrary and capricious attempt to further punish sex offenders as a "get tough" measure, and denies those affected individuals the protections of substantive due process of law.
In Williams, supra, the Supreme Court of Ohio held that "[b]ecause neither a suspect class nor a fundamental constitutional right is implicated by the provisions of R.C. Chapter 2950, a rational basis analysis is appropriate." Williams at 531. In applying the rational basis test, this court determined that the legislature had a legitimate state interest when it enacted Ohio's sexual predator statute:
 "R.C. Chapter 2950 does not offend substantive due process and equal protection as the statute is rationally related to a legitimate state interest, and there exist reasonable grounds for distinguishing between sexual predators and other offenders. * * * The legislature declared that its intent was to `protect the safety and general welfare of the people of this state.' R.C. 2950.02(B). Assuring public protection from sex offenses is a legitimate state interest. * * * Further, the legislature has concluded that sex offenders pose a high risk of recidivism, and the registration and notification requirements `clearly advance the legislature's stated goal of protecting the public.' * * * Because reasonable grounds exist for distinguishing between sexual predators and other offenders, R.C. Chapter 2950 does not violate the * * * Due Process Clause." (Citations omitted.) State v. Randall (2001), 141 Ohio App.3d 160, 163.
Therefore, in accordance with the foregoing, appellant's second assignment of error is without merit.
With respect to the third assignment of error, appellant argues that R.C. 2950.09(C) is unconstitutionally vague as it fails to provide specific guidance as to who bears the burden of proof, or how strong a showing is required for an individual to be adjudicated a sexual predator.[12]
When the Supreme Court was faced with this precise argument inWilliams, the court concluded that there is "nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950."Williams at 533. Although the general language of R.C. Chapter 2950 is broad, and the guiding factors may have been broadly worded, "a certain level of broadness in the language of R.C. Chapter 2950 allows for individualized assessment rather than an across-the-board rule."Williams at 534. Accordingly, appellant's third assignment of error lacks merit.
The fourth assignment of error contends that R.C. 2950.09(C) amounts to cruel and unusual punishment as traditionally, registration requirements have been viewed as punitive in nature.
In Randall, we summarized the Supreme Court's position on this issue:
 "In State v. Cook (1998), 83 Ohio St.3d 404, 423, * * * the Supreme Court held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature. Rather, these provisions serve the remedial purpose of ensuring public safety. Thus, absent any punishment, the protections against cruel and unusual punishment are not triggered." (Parallel citation omitted). Randall at 164.
Pursuant to the foregoing, the fourth assignment of error is meritless.
In the fifth and final assignment of error, appellant suggests that R.C. 2950.09(C) is unconstitutional as it violates his right to be free from double jeopardy. According to appellant, the sexual predator determination constitutes additional punishment which the offender receives well after the commission and sentencing for his offense.
Again, the Supreme Court has considered this issue and found to the contrary. In Williams, the court cited Cook, supra, for the proposition that "R.C. Chapter 2950 is neither `criminal,' nor a statute that inflicts punishment[.]" Williams at 528. Ergo, "[the statute] does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions." Williams at 528. Accordingly, appellant's fifth assignment of error is without merit.
Based on the foregoing analysis, the first assignment of error is well-taken while the remaining assignments of error are meritless. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion. Specifically, the trial court is instructed to vacate its decision to classify appellant as a sexually oriented offender.
FORD, P.J., and NADER, J., concur.
[1] The elements of abduction are set forth in R.C. 2905.02, which provides as follows:
 "(A) No person, without privilege to do so, shall knowingly do any of the following:
 "(1) By force or threat, remove another from the place where the other person is found;
 "(2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;
 "(3) Hold another in a condition of involuntary servitude.
 "(B) Whoever violates this section is guilty of abduction, a felony of the third degree."
[2] The trial court made the following remarks during the sentencing hearing:
 "Now, Mr. Washington [appellant], I am going to tell you so that you will accept what your counsel has told you, because it doesn't seem to have any application in this case, but you fall under some new law which indicates that these that this offense [abduction of a minor child] falls into a sexual offender category. Even though, I am going to put on the record right here, that there is no indication from anything that the Court sees, that this was a sexual offense of any kind. Use that for what you will. It is on the record and available.
"* * *
 "Now, once again so the record is clear on this, in this particular case, in this particular set of facts, I did not find any sexual violation. I am certainly not objecting to the nature or intent of the statute in an appropriate case where there would be a sexual offense, because intent of the law has a clear, specific [sic] and calls for a good result by registration. This particular set of facts I don't believe applies to what the intent of the law is." (Emphasis added.)
[3] In its judgment entry, the trial court expressly determined that appellant was not a sexual predator or a habitual sex offender.
[4] Unlike the factual scenario in Rimmer, appellant in the instant matter is directly challenging his status as a sexually oriented offender.
[5] While the Moyers court observed that "the defendant has other adequate legal avenues by which his constitutional concerns may be addressed[,]" the court failed to mention what legal avenues were available to the defendant.
[6] Unlike a sexual predator adjudication, the trial court is not required to consider the statutory factors in R.C. 2950.09(B)(2) when it determines a defendant to be a sexually oriented offender. State v.Strickland (Dec. 22, 2000), Lake App. No. 98-L-013, unreported, 2000 WL 1876587, at 2.
[7] As a sexually oriented offender, appellant must verify his address with the sheriff in the county where he resides for ten years. R.C.2950.06(B)(2); R.C. 2950.07(B)(3). See, also, State v. Williams (2000),88 Ohio St.3d 513, 520. In contrast, the community notification provisions apply to individuals determined to be sexual predators or habitual sexual offenders. R.C. 2950.10; R.C. 2950.11. See, also,Williams at 520.
[8] As an aside, we note that appellant raised this argument with the court below during the sentencing hearing. Accordingly, this court may consider this argument on appeal. See State v. Awan (1986),22 Ohio St.3d 120, syllabus (holding that the failure to raise the issue of the constitutionality of a statute or its application is a waiver of such issue on appeal).
[9] It is evident that some of the offenses listed under R.C. 2950.01(D) are not necessarily related to sexual conduct. See, e.g., R.C. 2905.01
(kidnapping); R.C. 2905.02 (abduction); R.C. 2905.03 (unlawful restraint); R.C. 2905.04 (child stealing); R.C. 2905.05 (criminal child enticement).
[10] The state concedes that appellant's crime was not sexual in nature.
[11] While the constitutional analysis offered in Williams focused on sexual predators, this court recently concluded that "the Williams
analysis is controlling as to the constitutionality of R.C. Chapter 2950 as applied to [sexually oriented offenders]." Strickland at 2.
[12] Even though appellant was not adjudicated a sexual predator, we will still address the merits of this assignment of error.