[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Derrick Green appeals from the trial court's declaration, following a sexual-predator hearing, that he is a sexually-oriented offender. Counsel appointed to prosecute this appeal submits that she has carefully examined the record of the proceedings below, and that her review of those proceedings has disclosed no error. She now requests that this court independently examine the record to determine whether this appeal is wholly frivolous.[1]
In 1988, Green was convicted of felonious assault, in violation of R.C. 2903.11, and attempted rape, in violation of R.C. 2923.02. In 1999, the trial court adjudicated Green a sexual predator. This court reversed that adjudication and remanded the case to the trial court.[2] On remand, the trial court declared Green a sexually-oriented offender. This appeal followed.
Under the circumstances, Green's status as a sexually-oriented offender arose by operation of law.[3] Thus, the classification of Green as a sexually-oriented offender is not properly appealable because it did not result from a judgment.[4] In fact, the trial court's declaration that Green is a sexually-oriented offender is merely a redundancy. Accordingly, the instant appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396;Freels v. Hills (C.A.6, 1988), 843 F.2d 958.
[2] See State v. Green (Apr. 7, 2000), Hamilton App. No. C-990625, unreported.
[3] See State v. Sturgeon (1998), 131 Ohio App.3d 538, 542,723 N.E.2d 124, 126; State v. Boeddeker (Feb. 20, 1998), Hamilton App. No. C-970471, unreported.
[4] See State v. Moyers (2000), 137 Ohio App.3d 130, 738 N.E.2d 90;State v. Hampp (July 17, 2000), Ross App. No. 99-CA-2517, unreported;State v. Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported;State v. Burkey (June 7, 2000), Summit App. No. 19741, unreported; Statev. Bennett (May 8, 1998), Hamilton App. No. C-970466, unreported.