[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In defendant-appellant Morris K. Hinton's prior appeal,[1] this court reversed the trial court's adjudication of him as a sexual predator and remanded the case to the trial court to include in Hinton's institutional record a finding that he had not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2). Upon remand, the trial court placed of record an entry declaring Hinton to be a sexually-oriented offender.
On appeal, Hinton assigns as error: (1) the trial court's failure to include in his institutional record the finding that he had not been found to be a sexual predator, as ordered by this court; (2) the trial court's sexually-oriented-offender declaration, which was made without a hearing; and (3) the trial court's sexually-oriented-offender declaration in violation of his constitutional rights to due process and equal protection. We do not address the assignments because the trial court's declaration is not a judgment.[2]
Hinton's status as a sexually-oriented offender arises by operation of law and not as a result of an adjudication by the trial court. Hinton was convicted of two counts of rape and one count of felonious sexual penetration, each of which are defined by statute as a sexually-oriented offense. Under these circumstances, Hinton's status as a sexually-oriented offender arose by operation of law.[3] Thus, this classification of Hinton as a sexually-oriented offender is not properly appealable because it did not result from a judgment.[4] "In fact, the trial court's declaration that [an offender] is a sexually-oriented offender is merely redundant, as that status arises by operation of law."[5]
Nor can we address Hinton's claim that the trial court failed to notify the institution that he had been found not to be a sexual predator, because that error is not demonstrated in the record. Additionally, Hinton's constitutional challenges to his sexually-oriented-offender status are not properly before this court. As we noted in State v.Boeddeker,[6] the statutory scheme in R.C. Chapter 2950 has been deemed to be civil and remedial, not criminal. Consequently, the appropriate method to mount a facial challenge to the statute's constitutionality would be through a declaratory-judgment action pursuant to R.C. Chapter 2721.[7]
Accordingly, the instant appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] State v. Hinton (Dec. 14, 2001), 1st Dist. No. C-010046.
[2] See R.C. 2505.02; State v. Davenport (Dec. 27, 2000), 1st Dist. No. C-000462.
[3] See Davenport, supra; State v. Sturgeon (1998), 131 Ohio App.3d 538,542, 723 N.E.2d 124; State v. Harrod (Oct. 8, 1999), 1st Dist. No. C-990018; State v. Smith (June 23, 1999), 9th Dist. No. 98CA007070;
[4] State v. Moyers (2000), 137 Ohio App.3d 130, 133, 738 N.E.2d 90;State v. Hampp (July 17, 2000), 4th Dist. No. 99-CA-2517, 2000-Ohio-1969.
[5] Davenport, supra.
[6] (Feb. 13, 1998), 1st Dist. No. C-970471.
[7] See id.; State v. Pace (May 21, 1999), 1st Dist. No. C-980659.